IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAS ALAH-MEEN BATEMAN,<br><br>                      Plaintiff,<br><br>        vs.<br><br>NDCS  RECEPTION  AND  TREATMENT CENTER,<br><br>                      Defendant. | **8:23CV40**<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff Ras Alah-Meen Bateman filed a Complaint on January 30, 2023.  Filing No. 1.  He has been given leave to proceed in forma pauperis.  Filing No. 7.  The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff is an inmate currently confined in the Community Corrections Center-Lincoln in the custody of the Nebraska Department of Correctional Services ("NDCS").  Filing No. 9.  When Plaintiff filed his Complaint, he was confined in the NDCS Reception and Treatment Center ("RTC").  Filing No. 1 at 2.  Plaintiff sues the NDCS RTC for alleged violations of his Eighth Amendment rights.  Id. at 3.

As the Court understands his allegations, Plaintiff entered the RTC on September 21, 2022, with an existing injury to his right knee.  Id. at 5, 7.  On December 9, 2022, Plaintiff fell down in the RTC gym around 9:30 or 9:50 a.m. and sustained further injury to his right knee.  Plaintiff was taken to medical in a wheel chair by "Corp. Brooks," but medical refused to see Plaintiff "because Corp. Brooks hit the wrong code or button to have [Plaintiff] seen."  Id. at 4.  Specifically, "Corp. Brooks hit[] the panic button instead

of ERT," and medical refused Plaintiff service due to Corp. Brooks' error, even though "the nurse" [saw Plaintiff's] knee [was] swollen."   *Id.* at 4–5.  Corp. Brooks "blew . . . off" his mistake after helping Plaintiff back up to his room on the second tier of Unit 8.  *Id.* at 5.

> Plaintiff alleges,
>
> I sustained further injury to my right knee, developing a limp making it harder for me to get exercise, to get up [and] down the stairs when I should have been put on the first floor.  Medical never seen [sic] me[;] I requested an ice pack for the swelling [but] never got that. . . .  Now developing Arthritis in my knee.

*Id.* (spelling corrected).  As relief, Plaintiff seeks $400,000 in damages "for pain [and] suffering when they knowingly did nothing about [his] right [knee] [and] continue to refuse [him] service [and] furthering damages to [his] knee making it a longer process to heal [and] making it harder to find work in [his] condition."   *Id.*

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.   *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,*

556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).   However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

### A. Sovereign Immunity

Plaintiff sues the NDCS RTC for damages.  However, states or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989).  Thus, the NDCS RTC must be dismissed from this action for failure to state a claim upon which relief may be granted.   Moreover, the Eleventh Amendment bars

claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims for money damages against the NDCS RTC are barred by the Eleventh Amendment and cannot proceed.

Sovereign immunity, however, does not bar damages claims against state officials acting in their individual capacities. Accordingly, on the Court's own motion, Plaintiff will be given leave to file an amended complaint to allege his Eighth Amendment claim against specific, named NDCS officials involved in the alleged violation of Plaintiff's constitutional rights in their individual capacities. In amending his Complaint, Plaintiff should be mindful of the following standards governing his Eighth Amendment claim.

**B. Eighth Amendment Deliberate Indifference Claim**

Liberally construed, Plaintiff alleges a claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. To establish an Eighth Amendment violation, a prisoner must demonstrate an objectively serious medical need

4

that the defendant knew about and deliberately disregarded. *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020), *reh'g denied* (May 12, 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)).  Ascertaining "[w]hether an official was deliberately indifferent requires both an objective and a subjective analysis." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

"The objective component of a claim for deliberate indifference to serious medical needs is satisfied if the medical need in question 'is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (internal quotation omitted)).  Establishing the subjective component of a deliberate indifference claim requires "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal citations and quotation marks omitted).  Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Moreover, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)).  A plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009).

Here, the only potential individual defendants identified in Plaintiff's Complaint are Corp. Brooks and the nurse who observed Plaintiff's swollen knee.  Even liberally construed, Corp. Brooks appears to have been merely negligent in hitting the incorrect button to have Plaintiff seen by medical staff, and the facts alleged do not suggest that Corp. Brooks acted with deliberate indifference towards Plaintiff's medical needs.  Moreover, Plaintiff has alleged no facts suggesting Corp. Brooks had any authority or control over medical staff's decision whether to see Plaintiff or whether to provide Plaintiff any treatment after the initial refusal on December 9, 2022.  *Cf. Bender v. Regier*, 385 F.3d 1133, 1137–38 (8th Cir. 2004) (doctor could not be held liable for deliberate indifference when he believed that he lacked authority to order treatment plaintiff claimed he should have received).  Thus, as it stands, Plaintiff's Complaint fails to allege an Eighth Amendment claim against Corp. Brooks.  The Court will give Plaintiff leave to amend his Complaint to allege a plausible Eighth Amendment claim against Corp. Brooks, if facts supporting such a claim can be truthfully pleaded.

Plaintiff may have a potential deliberate indifference claim against the unnamed RTC nurse who observed Plaintiff's swollen knee when he was initially refused medical treatment, as well as other medical staff who allegedly failed to treat his knee injury.  Thus, Plaintiff will be allowed to file an amended complaint to allege his Eighth Amendment claims against this nurse and any other NDCS medical staff member or official personally involved in denying Plaintiff appropriate medical care for his right knee.

## IV.  OTHER PENDING MOTIONS

### A.  Motion for Summary Judgment

On April 19, 2023, Plaintiff filed a motion asking the Court to enter "summary judgment" in his favor because Defendant failed to respond to Plaintiff's Complaint within 21 days as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).  Filing No. 10.  As set forth in rule 12(a), "[a] defendant must serve an answer . . . within 21 days *after being served with the summons and complaint*."  Fed. R. Civ. P. 12(a)(1)(A)(i) (emphasis added).   Here, Defendant has not been served with summons or the Complaint.   Thus, Plaintiff's "Motion for Summary Judgment," construed as a motion seeking a default judgment, *see* Fed. R. Civ. P. 55, is denied.

### B.  Motion for Summons

After he filed his Motion for Summary or Default Judgment, Plaintiff acknowledged that summons had not been issued and served on Defendant and filed what the Court docketed as a Motion for Summons.  Filing No. 13.  However, this matter may not proceed to service of process unless so ordered by the Court after conducting the initial review required by 28 U.S.C. §§ 1915(e) and 1915A.  As stated above, the Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

7

The Court has now reviewed Plaintiff's Complaint and determined that, as currently pleaded, Plaintiff's Complaint fails to state a claim upon which relief may be granted against the named Defendant.  Thus, this matter may not proceed to service of process on the present Complaint, and Plaintiff's Motion for Summons is denied.  If Plaintiff files an amended complaint, the Court will review Plaintiff's amended complaint under 28 U.S.C. §§ 1915(e) and 1915A and determine whether the matter may proceed to service of process.

**C. Motion for Appointment of Counsel**

Lastly, Plaintiff filed a motion seeking the appointment of counsel.  Filing No. 11. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).   "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as, at this early stage of litigation, Plaintiff appears able to adequately present his claims.  The Court is, however, aware that this situation may change as litigation progresses.  As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural

complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## V. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant NDCS RTC.  On the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his Eighth Amendment constitutional claims against specific, named defendants in their individual capacities.  The amended complaint must specify in what capacity the defendants are sued, must identify each defendant by name, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant.   To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint, Filing No. 1, and any new allegations.  Plaintiff should be mindful to explain what each defendant did to him, when the defendant did it, and how the defendants' actions harmed him.  Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.  Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) after he files an amended complaint which addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1.     Plaintiff shall have until **February 20, 2024,** to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.   In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant.   Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

2.     In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.     The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

4.     The Clerk of the Court is directed to send to Plaintiff the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner).

5.     The Clerk of the Court is further directed to set a pro se case management deadline using the following text: **February 20, 2024**: check for amended complaint.

6.     Plaintiff's Motion for Summary Judgment, Filing No. 10, construed as a motion for a default judgment, is denied.

7.    Plaintiff's Motion for Summons, Filing No. 13, is denied.

8.    Plaintiff's Motion for Appointment of Counsel, Filing No. 11, is denied without prejudice to reassertion.

9.    Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.


Dated this 19th day of January, 2024.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge