IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAS ALAH-MEEN BATEMAN,<br><br>            Plaintiff,<br><br>vs.<br><br>NDCS RECEPTION AND TREATMENT CENTER, and JERRY LEE LOVELACE JR., M.D., Ph.D., Medical Director;<br><br>            Defendants. | **8:23CV40**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Ras Alah Meen Bateman filed a Complaint on January 30, 2023. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 7. The Court ordered Bateman to file an Amended Complaint, and he has done so. Filing No. 16. The Court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I. SUMMARY OF COMPLAINT**

Plaintiff was an inmate confined in the Reception and Treatment Center ("RTC") in the custody of the Nebraska Department of Correctional Services ("NDCS") at all times material to this case, but he has since been released, *see* Filing No. 15. Plaintiff sues the NDCS RTC, Dr. Jerry Lee Lovelace, Jr., Corp. Brooks, Corp. Greenwood, Dr. Harbans Deol, and Dr. Jeff Kasselman for alleged violations of his Eighth Amendment rights. Filing No. 16 at 1–3.[1] As the Court understands his allegations, Plaintiff entered the RTC on September 21, 2022, with an existing injury to his right knee. On December 9, 2022,

---

[1] *See Miller v. Hedrick*, 140 F. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly [appear] in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

1

Plaintiff fell down in the RTC gym around 9:30 or 9:50 a.m. and sustained further injury to his right knee. Plaintiff was taken to medical in a wheelchair by Corp. Brooks, but medical refused to see Plaintiff because Corp. Brooks hit the wrong code or button to have [Plaintiff] seen. *Id.* Specifically, "Corp. Brooks hit the panic button instead of ERT," and medical refused Plaintiff service due to Corp. Brooks' error, even though "the nurse" [saw Plaintiff's] knee [was] swollen." *Id.* at 4–5.

Plaintiff alleges, "Them putting off my knee injury for over a year to see that I had a complete tear to my right ACL and I had to have surgery September 19, 2023, now I suffering physical therapy and here to work part-time job from this incident." Filing No. 16 at 5, V.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint, or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims, and in particular, a violation of his Eighth. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff sues the NDCS Reception and Treatment Center, and Jerry Lee Lovelace, JR., M.D., Ph.D., Medical Director for damages. However, states or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Thus, the NDCS RTC must be dismissed from this action for failure to state a claim upon which relief may be granted. See Filing No. 14 (addressing the same issue). There is nothing in the record before the Court showing that the State of Nebraska waived, or that

Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims for money damages against the NDCS RTC are barred by the Eleventh Amendment and cannot proceed.

Moreover, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981).

With regard to Defendant Dr. Lovelace, he's the current NDCS medical director. However, there is no § 1983 respondeat superior liability. Also, there are no specific factual allegations showing Lovelace had any knowledge of, or personal involvement in, the lack of medical treatment to Plaintiff. He became medical director in October 2023, so at most he was at NDCS for 3 of the months Plaintiff claims he didn't receive treatment. As alleged, there are insufficient allegations to proceed against Dr. Lovelace.

For the same reasons, Corp. Brooks is dismissed from this lawsuit as set forth in Filing No. 14.

As for Corp. Greenwood, there are no facts alleged showing Greenwood's personal involvement in this case. Accordingly, the Complaint fails to state a claim against him. See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (holding court properly

dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

With regard to Dr. Harbans Deol (the NDCS medical director before Lovelace) and Dr. Kasselman (a medical provider at the RTC and within NDCS), Kasselman and Deol are identified as the defendant "Medical Staff," and Plaintiff alleges "staff" denied him treatment for a year. Liberally construing these allegations, the Court finds it can be inferred that Kasselman and Deol were involved in that denial of treatment.

### B. Eighth Amendment Deliberate Indifference Claim

Liberally construed, Plaintiff alleges a claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. To establish an Eighth Amendment violation, a prisoner must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded. *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020), reh'g denied (May 12, 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)). Ascertaining "[w]hether an official was deliberately indifferent requires both an objective and a subjective analysis." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

"The objective component of a claim for deliberate indifference to serious medical needs is satisfied if the medical need in question 'is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (internal quotation omitted)). Establishing the subjective component of a deliberate indifference claim requires "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial

risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal citations and quotation marks omitted). Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

First, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cnty., Missouri*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each Government—official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 678.

The Court finds that Plaintiff has sufficiently stated allegations and facts in his Amended Complaint to support, on initial review, an Eighth Amendment deliberate indifference claim against Dr. Deol and Dr. Kasselman.

The Court determines that this case may proceed to service of process as to Dr. Deol and Dr. Kasselman.

**V. CONCLUSION**

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant NDCS RTC, Dr. Lovelace and Dr. Greenwood.

For purposes of initial review, The Court finds that Plaintiff's Amended Complaint, Filing No. 16, alleges plausible Eighth Amendment claims against Dr. Harbans Deol and Dr. Jeffrey Kasselman in their individual capacities. However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the

Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. This matter will proceed to service of process as set forth below.

**IT IS THEREFORE ORDERED:**

1. This matter may proceed to service of process against Defendants Dr. Harbans Doel and Dr. Jeffrey Kasselman in their individual capacities.

2. Defendants NDCS Reception and Treatment Center, Jerry Lee Lovelace, Jr., Corp. Brooks, and Corp. Greenwood are dismissed from this action without leave to amend.

3. The Clerk of the Court is directed to remove the following names from the case caption: NDCS Reception and Treatment Center and Jerry Lee Lovelace, Jr. The Clerk of Court is likewise directed to add the names Dr. Harbans Doel and Dr. Jeffrey Kasselman to the case caption.

4. For service of process on Defendants Dr. Harbans Deol and Dr. Jeffrey Kasselman in their individual capacities, the Clerk of Court is directed to complete two sets of summonses and USM-285 forms for each Defendant.

The service address for the first set of forms is:

Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509.

The service address for the second set of forms is:

For Defendant Deol:

Dr. Harbans Deol
719 SW Van Buren St., Suite 100
Topeka, KS 66603.

For Defendant Kasselman:

Dr. Jeffrey Kasselman
Nebraska Department of Correctional Services
Reception and Treatment Center
PO Box 22800
Lincoln, NE 68542-2800.

5. The Clerk of the Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint, Filing No. 1, Amended Complaint, Filing No. 16, and a copy of this Memorandum and Order to the United States Marshals Service

6. The Marshals Service shall serve Defendants Dr. Harbans Deol and Dr. Jeffrey Kasselman in their individual capacities by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. Ann. § 25-510.02(1) (West) (prescribed method for serving the State of Nebraska or any state agency); *see also* Fed. R. Civ. P. 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

7. The Marshals Service shall also serve Defendants Dr. Harbans Deol and Dr. Jeffrey Kasselman in their individual capacities by certified mail or other authorized method of service at the addresses shown above. *See* Fed. R. Civ. P. 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

8. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

9. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[2]

10. Fed. R. Civ. P. 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case management deadline accordingly.

11. Plaintiff is hereby notified that failure to obtain service of process on the Defendant within 90 days of the date of this order may result in dismissal of

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "'[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.' This language is compulsory." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997).

       this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to the amended complaint.

12.    Because this case is proceeding to service of process and Plaintiff is not incarcerated, this case is removed from the pro se docket at the direction of the Court.  The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

13.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

14.    The Clerk of Court is directed to set a case management deadline in this case with the following text: October 12, 2025: service of process to be completed.

Dated this 15th day of July, 2025.

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Senior United States District Judge